# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30665
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC MARTIN,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-21-1

———————————————————

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Eric Martin pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (outlining unlawful conduct), (b)(1)(A) (setting penalty). He challenges the substantive reasonableness of his within-Guidelines 274-months'-imprisonment sentence.

——————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30665

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A sentence imposed within a properly calculated Guidelines sentencing range, as in this instance, is entitled to a rebuttable presumption of reasonableness. *E.g.*, *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). Defendant can rebut this presumption by showing "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *Id.* (citation omitted).

Martin fails to rebut the presumption. At sentencing, the district court considered the 18 U.S.C. § 3553(a) sentencing factors, adopted the presentence investigation report, confirmed it reviewed Martin's sentencing memorandum, and listened to his contentions for receiving a lower sentence. Martin's "claim amounts to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do". *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.

2